FILED

May 17 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0574

DA 15-0574

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 113

FIRE INSURANCE EXCHANGE, a
Reciprocal or inter-insurance exchange,

   Petitioner and Appellant,

  v.

JAKE WEITZEL, and KEVIN GROFF,
as Personal Representative of the Estate of
Ronny S. Groff, Deceased,

   Respondents and Appellees.

APPEAL FROM:  District Court of the Twenty-First Judicial District,
       In and For the County of Ravalli, Cause No. DV 14-279
       Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

      Nicholas J. Pagnotta, Amanda Z. Duman, Williams Law Firm, P.C.,
      Missoula, Montana

    For Appellee Jake Weitzel:

      Bryan L. Spoon, Spoon Gordon Ballew P.C., Missoula, Montana

    For Appellee Estate of Ronny Groff:

      Terrance P. Perry, Datsopoulos MacDonald & Lind, P.C.,
      Missoula, Montana

         Submitted on Briefs: March 16, 2016

            Decided: May 17, 2016

Filed:

             Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Fire Insurance Exchange (FIE) appeals from an order issued by the Twenty-First Judicial District Court, Ravalli County, granting summary judgment in favor of Jake Weitzel (Weitzel). This case arises out of a declaratory judgment action to determine whether there is coverage for claims brought in an underlying action against Weitzel by the Estate of Ronny Groff (Estate). The underlying complaint alleges that Weitzel gained the trust of Ronny Groff (Ronny), an elderly man, as his home care services provider and then wrongfully absconded with his property and assets over the course of a number of years, ultimately causing economic loss to the Estate. Weitzel tendered this litigation to FIE under a homeowner's insurance policy covering claims for personal injury, bodily injury, and property damage. FIE accepted responsibility for the litigation under a reservation of rights.

¶2 Shortly thereafter, FIE filed suit in Ravalli County District Court seeking declaratory relief. FIE claimed that it owed no duty to defend Weitzel against the Estate under the terms of the homeowner's policy. On cross-motions for summary judgment, the District Court denied FIE's motion and granted Weitzel's motion. We reverse. FIE had no duty to defend Weitzel because the complaint cannot be construed to give rise to a claim under the terms of the policy.

¶3 We address the following issue on appeal: whether the District Court erred by concluding that FIE had a duty to defend Weitzel under the terms of the insurance policy.

2

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 The Estate filed a complaint against Weitzel in the underlying litigation on October 22, 2013. The complaint alleged that Weitzel was hired by Ronny's children to provide in-home care services to Ronny and his ailing wife beginning in 2010 and that Weitzel provided these services to Ronny until Ronny's death in July 2013. The Estate alleged that shortly after Ronny's wife passed away in January 2011, Weitzel "began to wrongfully exert such degree of control over Ronny in his feeble state that she was able to exploit, manipulate and coerce Ronny to her financial gain." The complaint alleged purely economic loss as a result of Weitzel's conduct, including stealing personal property, unlawfully transferring vehicle titles, and taking personal trips using Ronny's funds. The complaint alleged that

> During the final years of his life and while suffering from dementia, Defendant, Jake Weitzel, induced Ronny to make large cash withdrawals from his bank accounts and from a trust under which he was a beneficiary for her use and benefit. These and other financial benefits arising prior to the death of Ronny, Defendant, Jake Weitzel, secured for herself by exercising fraud, deceit, undue influence, and coercion over Ronny who, at the age of 76, was ill, incompetent, suffering from dementia, suffering emotionally, from the January 2011 death of his wife of fifty-four (54) years, and clearly mentally incapacitated.

¶5 The complaint contains nineteen separate causes of action: I. Deceit; II. Fraudulent Inducement; III. Breach of Fiduciary Duty; IV. Actual Fraud; V. Constructive Fraud; VI. Conversion; VII. Economic Duress; VIII. Intentional Infliction of Emotional Distress; IX. Negligent Infliction of Emotional Distress; X. Undue Influence; XI. Unjust Enrichment; XII. Restitution; XIII. Negligent Misrepresentation; XIV. Intentional Misrepresentation; XV. Constructive Trust; XVI. Injunctive Relief; XVII. Negligence per

3

se based on the Montana Elder and Persons with Developmental Disabilities Abuse Prevention Act; XVIII. Punitive damages; and XIX. Negligence. These claims are supported by 113 paragraphs of alleged facts. The complaint does not include a count of false imprisonment. Nor does the complaint specifically allege bodily injury to Ronny.

¶6     During the time periods germane to the allegations, FIE insured Weitzel under successive protector plus homeowner's insurance policies. The terms of each renewed policy were substantially the same, providing coverage under three endorsements: "personal injury," "bodily injury," and "property damage." The most recent version (hereinafter, the policy) provides a specific definition for each of the three terms:

> "Personal injury" means any injury arising from: (1) false arrest, imprisonment, malicious prosecution and detention. (2) wrongful eviction, entry, invasion of rights of privacy. (3) libel, slander, defamation of character. (4) discrimination because of race, color, religion or national origin.

> "Bodily injury" means bodily harm, sickness or disease, including care, loss of services and death resulting from that injury.

> "Property Damage" means physical injury to or destruction of tangible property covered by this policy and resulting loss of use.

¶7     After receiving a tender of the complaint from Weitzel, FIE undertook the defense of Weitzel under a reservation of rights. FIE subsequently initiated a declaratory judgment action seeking a declaration that there was no coverage for the claims alleged in the underlying complaint and thus no duty to defend or indemnify Weitzel. The parties each moved for summary judgment.

¶8     On May 28, 2015, the District Court issued its order granting summary judgment in favor of Weitzel, holding that FIE owed a duty to defend Weitzel. The District Court

4

concluded that factual allegations contained within the underlying complaint triggered coverage under the "personal injury" endorsement. The court reasoned that, while the underlying complaint did not expressly contain a cause of action or seek damages for false imprisonment, the allegations could be construed to potentially state a claim for false imprisonment. The District Court did not expressly rule on whether the complaint triggered coverage under either the "bodily injury" or "property damage" endorsements. However, the court did provide guidance to "assist the parties" in future briefing on the other two endorsements. The court explained that Weitzel appeared to have conceded during oral argument that the complaint did not give rise to coverage under the property damage endorsement, but the complaint may have alleged bodily injury because the complaint alleged elder abuse.

¶9 FIE appeals.

**STANDARD OF REVIEW**

¶10 We review a district court's decision to grant summary judgment de novo, applying the same criteria of M. R. Civ. P. 56 as did the district court. *Labair v. Carey*, 2012 MT 312, ¶ 15, 367 Mont. 453, 291 P.3d 1160. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Labair*, ¶ 15.

5

**DISCUSSION**

¶11     *Whether the District Court erred by concluding that FIE had a duty to defend Weitzel under the terms of the insurance policy.*

¶12     Under Montana law, an insurer has a duty to defend "when a complaint against an insured alleges facts which, if proved, would result in coverage." *Tidyman's Mgmt. Servs. v. Davis*, 2014 MT 205, ¶ 22, 376 Mont. 80, 330 P.3d 1139.   In determining whether a duty exists, an insurer must look to the allegations contained within the complaint. *Farmers Union Mut. Ins. Co. v. Staples*, 2004 MT 108, ¶ 20, 321 Mont. 99, 90 P.3d 381.   Where the insurer has no knowledge of facts outside of the complaint that may potentially trigger coverage, the complaint and the policy constitute the universe with regard to the insurer's duty to defend. *Staples*, ¶ 20.   "If there is no coverage under the terms of the policy based on the facts contained in the complaint, there is no duty to defend." *Grimsrud v. Hagel*, 2005 MT 194, ¶ 34, 328 Mont. 142, 119 P.3d 47.   Factual disputes between the parties relevant to coverage "must be resolved in favor of coverage." *Staples*, ¶ 24.

¶13     The insured bears the initial burden to establish that the claim falls within the basic scope of coverage. *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research*, 2005 MT 50, ¶ 29, 326 Mont. 174, 108 P.3d 469.   If the insured demonstrates that the claim falls within the scope of coverage, the burden shifts to the insurer to show that the claim is unequivocally excluded under an exception to the basic scope of coverage. *Ribi Immunochem Research*, ¶ 29.   "This allocation appropriately aligns the burden with the

6

benefit as the party seeking the benefit of a particular policy provision bears the burden of proving its application." *Ribi Immunochem Research*, ¶ 30.

¶14 If a complaint states multiple claims, some of which are covered by the insurance policy and some of which are not, it is a mixed action. In these cases, Montana follows what is known as the mixed-action rule, which requires an insurer to defend all counts in a complaint so long as one count triggers coverage, even if the remaining counts do not trigger coverage. *State Farm Fire & Cas. Co. v. Schwan*, 2013 MT 216, ¶ 16, 371 Mont. 192, 308 P.3d 48.

¶15 FIE argues that the District Court erred by concluding that the facts alleged in the complaint, if proven, trigger coverage under the policy. FIE maintains that the complaint does not allege sufficient facts to give rise to coverage under any of three endorsements—"personal injury," "bodily injury," and "property damage"—provided in the policy. Weitzel does not dispute on appeal that the complaint fails to allege sufficient facts to trigger coverage under the property damage endorsement, but does maintain that the complaint triggers coverage under the other two endorsements. Because Weitzel does not provide argument regarding property damages, we address only whether the complaint alleges sufficient facts to give rise to coverage under the "personal injury" and "bodily injury" endorsements. We do so in turn.

*"Personal Injury"*

¶16 FIE argues that the complaint does not plead facts sufficient to give rise to a claim for personal injury. Contrary to the District Court's conclusion, FIE reasons that the complaint fails to allege any factual allegations amounting to a claim of false

7

imprisonment. FIE notes that the complaint is lengthy and very detailed, containing nineteen separate causes of action and 113 paragraphs of preliminary facts supporting those allegations, but does not contain a specific count of false imprisonment or expressly allege an essential element of false imprisonment—that Weitzel restrained Ronny against his will. Weitzel counters that the underlying complaint does not need to expressly plead a claim of false imprisonment or the elements so long as the facts in the complaint can be inferred to give rise to a cause of action for false imprisonment, and that there are sufficient facts contained within the underlying complaint to infer a cause of action for false imprisonment.

¶17 We agree with FIE that the complaint does not trigger coverage under the personal injury endorsement. Because both parties agree that FIE's knowledge of facts giving rise to a potential duty to defend are limited to the complaint, we must compare the language of the policy with the facts alleged in the complaint. *Staples*, ¶ 20. We accept the allegations contained in the complaint as true, *Staples*, ¶ 24, but place the burden of proof on Weitzel to show the claim falls within the basic scope of coverage. *Ribi Immunochem Research*, ¶ 29. The personal injury endorsement provides coverage for damages due to personal injury arising out of ten tortious causes of action, including false imprisonment. False imprisonment requires a showing of two key elements: "restraint of an individual against his will and the unlawfulness of such restraint." *Hughes v. Pullman*, 2001 MT 216, ¶ 21, 306 Mont. 420, 36 P.3d 339. While an individual may be restrained by acts or merely by words which he fears to disregard, there is no imprisonment if the plaintiff does not allege that he was restrained against his will. *Hughes*, ¶ 21.

8

¶18 Weitzel has failed to show the complaint alleges sufficient facts to trigger coverage for a claim of false imprisonment. First, it is undisputed that the complaint does not expressly plead a claim of false imprisonment or expressly incorporate the essential elements of false imprisonment. Despite enumerating nineteen causes of action and setting forth 113 paragraphs supporting those allegations, the complaint fails to list a cause of action for false imprisonment or specifically allege that Weitzel restrained Ronny against his will. Second, we cannot agree with Weitzel that it is a fair reading of the complaint to infer from the allegations contained therein that Weitzel at any time restrained Ronny against his will. There are no allegations that Weitzel ever threatened Ronny by force or by words to stay in his home. In fact, the complaint does not allege that Weitzel ever threated Ronny at all. Even under the most liberal standards, the allegations contained within the complaint are insufficient to state a claim for false imprisonment. Without alleging, involuntarily restraint, an essential element of false imprisonment, Weitzel cannot show the complaint alleges facts that, if proven, would result in coverage under the personal injury endorsement.

¶19 Weitzel persists that the underlying complaint could be construed to give rise to a reasonable inference of false imprisonment. Specifically, Weitzel notes that included within the 113 paragraphs of factual background are allegations that: (1) Ronny's physician diagnosed him with dementia; (2) Weitzel changed the locks on Ronny's house at least two times; (3) Ronny was intimidated by Weitzel; and (4) Weitzel taped a note on the inside of the front door of Ronny's house stating, "Keep door locked. Don't open for anyone!!"

¶20    Even accepting these allegations as true, however, we are unable to conclude that they state a claim of false imprisonment by reasonable inference.  There is no allegation within the complaint that can be reasonably construed as alleging Weitzel restrained Ronny from leaving his home against his will.  The closest the complaint comes to making such an allegation is the note attached to Ronny's door stating, "Keep door locked. Don't open for anyone!!"  This allegation, however, requires several assumptions be made to reach a conclusion that Weitzel unlawfully restrained Ronny from leaving his home.  In short, the complaint fails to allege any facts or circumstances that would support an allegation that Ronny was involuntarily restrained.

¶21    Weitzel also appears to suggest that we actually make a series of assumptions regarding the facts to establish coverage, contending that FIE owes a duty to defend him because hypothetical facts may exist outside the complaint that could theoretically give rise to liability.  That, however, is not this Court's standard.  We have never held that an insurer's duty to defend may be triggered by speculating about extrinsic facts and unpled claims regarding potential liability.  Nor have we ever held that an insurer's duty to defend is triggered where the potential for liability is tenuous and far removed from the actual facts pled.  Our case law "makes clear that the threshold question, instead, is whether the complaint against the insured alleges facts that, if proven, would trigger policy coverage." *Tidymans*, ¶ 26.  The facts alleged in the complaint against Weitzel, if proven, fail to do so.

¶22    The complaint does not expressly plead a claim of false imprisonment, does not expressly plead the essential elements of false imprisonment, and does not plead facts

that can be reasonably inferred to state a claim of false imprisonment. We conclude, therefore, that FIE owes no duty to defend Weitzel. We hold that the District Court erred by concluding otherwise. We reverse the judgment of the District Court regarding the personal injury endorsement.

*"Bodily Injury"*

¶23 FIE argues that the underlying complaint does not trigger coverage under the bodily injury endorsement, reasoning that the complaint does not allege that Weitzel caused Ronny "bodily harm, sickness or disease." Weitzel counters that the complaint could be construed to give rise to a claim of bodily injury because the complaint alleges violations of the Montana Elder and Persons with Developmental Disabilities Abuse Prevention Act, § 52-3-801, MCA, et seq., and the complaint also alleges that Ronny is now deceased. Combining these two allegations, Weitzel maintains that the complaint could be construed to mean that Weitzel caused Ronny's death, which would constitute bodily harm under the policy.

¶24 Here again, Weitzel's argument is based entirely on speculation without a basis in the facts actually pled in the complaint. "Bodily injury" under the terms of the policy "means bodily harm, sickness or disease, including care, loss of services and death resulting from that injury." The complaint does not allege Ronny died as a result of Weitzel's actions. Nor does the complaint allege that the elder abuse alleged under § 52-3-801, MCA, et seq., constituted physical abuse or that Weitzel ever actually physically abused Ronny. Rather, the allegations contained in the underlying complaint focus entirely on economic loss, and any extrapolation of a claim of physical abuse is

11

unreasonable. Weitzel fails to cite to any allegations in the complaint that can be reasonably construed to assert that Weitzel caused Ronny "bodily harm, sickness or disease." The District Court erred by concluding the facts contained within the complaint give rise to coverage under the policy. Accordingly, the District Court erred by holding that FIE owed a duty to defend Weitzel.

¶25 We reverse the District Court's grant of summary judgment, and we remand for entry of summary judgment in favor of FIE.

¶26 Reversed and remanded.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA

12